UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARGARET A. PARKS,

                                Plaintiff,

                                                                   Case # 15-CV-6500-FPG

v.

                                                                   DECISION AND ORDER

CAROLYN W. COLVIN, ACTING COMMISSIONER
OF SOCIAL SECURITY,

                                Defendant.
_____

      Margaret A. Parks ("Parks" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 12, 15. For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On April 6, 2011, Parks protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 207-12. She alleged that she had been disabled since December 31, 2009, due to back injuries and post-traumatic stress disorder. Tr. 286. After her application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Brian Kane ("the ALJ") on May 31, 2012, in which the ALJ

---

[1]     References to "Tr." are to the administrative record in this matter.

considered Parks's application *de novo*. Tr. 67-118. Parks appeared at the hearing with her attorney and testified. *Id.* Julie A. Andrews, a vocational expert ("VE"), also appeared at the hearing and testified. Tr. 103-16. On September 18, 2012, the ALJ issued a decision finding that Parks was not disabled within the meaning of the Act. Tr. 130-38. On August 1, 2013, the Appeals Council vacated the hearing decision and remanded the case to the ALJ with specific instructions. Tr. 144-46.

On December 6, 2013, Parks appeared with her attorney and testified at a second hearing before the ALJ. Tr. 36-66. VE Andrews also appeared and testified. Tr. 55-66. On February 6, 2014, the ALJ issued a decision finding that Parks was not disabled within the meaning of the Act. Tr. 9-23. On June 23, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Parks's request for review. Tr. 1-5. Thereafter, Parks filed this action seeking review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

**I.   District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)

(internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f).

3

If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ's February 6, 2014 decision analyzed Parks's claim for benefits under the process described above. At step one, the ALJ found that Parks had not engaged in substantial gainful activity since the application date. Tr. 11. At step two, the ALJ found that Parks has the following severe impairments: broad myofascial pain syndrome, lumbar invertebral disc displacement without myelopathy, sciatica, lumbar and thoracic sprains, cervical strain, left knee problems, and right shoulder impingement. Tr. 11-12. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 12-13.

Next, the ALJ determined that Parks retained the RFC to perform light work.[2] Tr. 13-21. Specifically, the ALJ found that Parks can lift and carry up to 20 pounds; can sit for up to one hour at a time for a total of six hours in an eight hour workday; can walk for a total of two hours

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

in an eight hour workday; must change positions after sitting for one hour and move around for five minutes; and can occasionally bend, stoop, crawl, and kneel. Tr. 13.

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Parks from performing her past relevant work as a housekeeper and reservation clerk. Tr. 21. At step five, the ALJ relied on the VE's testimony and found that Parks can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 22. Specifically, the VE testified that Parks could work as an order clerk and a small products assembler. *Id.* Accordingly, the ALJ concluded that Parks was not "disabled" under the Act. Tr. 22-23.

## II. Analysis

Parks argues that remand is required because the ALJ failed to follow the Appeals Council's remand order, which instructed the ALJ to give further consideration to treating and non-treating source opinions.[3] ECF No. 12-1, at 21-24; ECF No. 18, at 1-5. Specifically, Parks asserts that the ALJ erred when he ignored five medical opinions of record. *Id.* The Commissioner maintains that the ALJ's failure to discuss these opinions was harmless because the ALJ's decision was supported by substantial evidence and would not have been affected by consideration of these opinions. ECF No. 15-1, at 21-25.

The SSA's regulations clearly state that an ALJ "*shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b) (emphasis added). The ALJ's failure to abide by the directives in an Appeals Council remand order constitutes legal error requiring

---

[3] Parks advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 12-1, at 25-32; ECF No. 18, at 6-9. However, because this Court disposes of this matter based on the ALJ's failure to follow the Appeals Council's remand order and evaluate all of the medical opinions of record, those arguments need not be reached.

remand. *Savino v. Astrue*, No. 07-CV-4233 (DLI), 2009 WL 2045397, at *9 (E.D.N.Y. July 8, 2009) (citing *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009) ("The ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand.")) (citations omitted); *Mann v. Chater*, No. 95 CIV. 2997(SS), 1997 WL 363592, at *1-2 (S.D.N.Y. June 30, 1997) (remanding because the ALJ did not follow the Appeals Council's orders).

Here, the Appeals Council's remand order stated that on remand the ALJ will "[g]ive further consideration to the treating and nontreating source opinions pursuant to the provisions of 20 C.F.R. 416.927 and Social Security Rulings 96-2p and 96-5p and explain the weight given to such opinion evidence." Tr. 145.

Pursuant to the regulations cited in the Appeals Council's remand order, the ALJ must "evaluate every medical opinion [he or she] receives." 20 C.F.R. § 416.927(c). Specifically, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). Unless a treating source's opinion is given controlling weight, the ALJ must consider the following factors when he or she weighs a medical opinion: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether the opinion was rendered by a specialist in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 416.927(c)(1)-(6). Opinions from "other sources," *see* 20 C.F.R. § 416.913(a), (d), are not presumptively entitled to controlling weight, but the ALJ is still required to weigh those opinions in accordance with these factors and explain

the weight given to those opinions. *See Sirris v. Colvin*, No. 15-CV-1003-FPG, 2016 WL 6090585, at *3 (W.D.N.Y. Oct. 19, 2016) (citing S.S.R. 06-03p, 2006 WL 2329939, at *3, 6 (S.S.A. Aug. 9, 2006)).

Despite the Appeals Council's remand order and the SSA's regulations, the ALJ failed to evaluate five medical opinions in his decision. Specifically, the ALJ ignored two consultative examination opinions, two treating source opinions, and an "other source" opinion from a physician's assistant. Tr. 627-30, 633-34, 646-50, 653-56, 683-87. This error was not harmless, because the omitted medical opinions contradict the ALJ's RFC determination. These medical sources opined, for instance, that Parks was very to moderately limited in walking, standing, sitting, lifting, carrying, pushing, pulling, using her hands, and climbing. Tr. 629-30, 633, 649, 687. Despite these opinions, the ALJ determined that Parks could lift and carry 20 pounds occasionally and 10 pounds frequently, sit for a total of six hours in an eight hour workday, and had no pushing or pulling limitations, even though he found her right shoulder impingement to be a severe impairment. Tr. 11-13. It is irrelevant that three of these opinions (Tr. 629-30, 649, 655-56) were rendered before the alleged disability onset date, because the ALJ must evaluate every medical opinion he or she receives. 20 C.F.R. § 416.927(c). Although this might be a valid reason to discount a medical opinion, it does not mean the ALJ can ignore the opinion completely.

This Court is disappointed that the Appeals Council failed to ensure that the ALJ followed its directives on remand. Instead of reviewing the remand hearing transcript, the Appeals Council simply sent Parks a standard form letter declining jurisdiction. Tr. 1-5. "A more thorough follow-up may well have precluded the need for the instant action." *Ellis v. Colvin*, 29 F. Supp. 3d 288, 300 (W.D.N.Y. 2014) (citation omitted). Accordingly, because the

ALJ failed to follow the Appeals Council's remand order and to comply with the SSA's regulations when he ignored five medical opinions of record, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 21, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court